1  LAFONZO RAY. TURNER
2  C.S.P SAC
   P.O. BOX 290066
3  RESPRESA, CA. 95671


FILED
CLERK, U.S. DISTRICT COURT

SEP 1 - 2016

CENTRAL DISTRICT OF CAL
BY

7        THE UNITED STATE DISTRICT COURT
8      FOR AND  IN THE CENTRAL DISTRICT OF CALIFORNIA

10                                CV15- 109-JVS AGR
11  LAFONZO R. TURNER
              PLAINTIFF,          CASE NO. 15-CV-03067-KAW
12                                FIRST AMENDED COMP-
                                  LAINT.
13       V.

15  MATHEW'S CATES, ET. AL, /
              DEFENDATIT
16

17       NOW COMES LAFONZO R. TURNER #G05794 PLAINTIFF
18  PRO SE. WHO PRESENTS THE FOLLOWING AMENDED FIRST COM-
19  PLAINT FOR A VIOLATION OF PLAINTIFFS CIVIL RIGHTS.
20               I  INTRODUCTION
21    1. THE ACTION PLACED BEFORE THIS COURT IS INVOLVING
22  CDCR LANCASTER INMATE MEDICAL HEALTH CARE SYSTEM.
23    2. THE AMENDED FIRST COMPLAINT ALLEGES THAT AD
24  EQUATE MEDICAL CARE HAS BEEN AND IS BEING DENIED,
25  REFUSED TO PLAINTIFF BY DR. A. SWABY D.O. /DR. ADAMS
26  M.D.,MBA / P. FINANDER, M.D., MBA. CCHP/P.SHANK ..
27  RETIFIED AND ASSERT BY A DEFECTIVE COMPREHENSIVE ACCOMEDATION
    CHRONO POLICY.


COURT PAPER
ATE OF CALIFORNIA
D. 113 (REV. 3-85)
3P 98 10924

1.

## II. PARTIES

PLAINTIFF:

3. LAFONZO R. TURNER #G05794 (PLAINTIFF) IS IN THE CUSTODY OF C.S.P. SACRAMENTO, BUT THE ALLEGATION'S ALLEGED HEREIN OCCURED AT C.S.P. LANCASTER WHILE PLAINTIFF WAS IN THERE CUSTODY AND UNDER THEIR MEDICAL HEALTH CARE SYSTEM WHICH RATIFIES AND USES (C.A.C) COMPREHENSIVE ACCOMEDATION CHRONO' POLICY WHICH HEREIN IS BEING CHALLENGED AT ALL TIME'S RELEVANT IN CONCERT WITH CONTRACTED RESIDENT PHYSICIAN'S AND CHIEF MEDICAL EXECUTIVE'S / CHIEF EXECUTIVE OFFICER ..

DEFENDANTS:

4. DEFENDANT, DR. A. SWABY D.O. AT ALL TIMES RELEVANT TO THIS ACTION WAS/IS APART OF CDCR'S MEDICAL HEALTH CARE SYSTEM AT LANCASTER STATE PRISON CONTRACTED TO PROVIDE MEDICAL CARE TO INMATE'S, AND CHARGED WITH THE DUTY OF PROVIDING PROFESSIONAL MEDICAL SERVICES.
AT ALL TIMES RELEVENT DR. A. SWABY D.O. ACTED UNDER THE COLOR OF LAW, HE IS HEREBY SUED IN HIS INDIVIDUAL AS WELL AS OFFICIAL CAPACITY. JOINTLY AND SEVERALLY, FOR THOSE ACTS AND OMESSIONS DESCRIBED FULLY BELOW.

5. DEFENDANT, A. ADAMS M.D., MBA AT ALL TIMES RELEVANT TO THIS ACTION WAS/IS APART OF CDCR'S MEDICAL HEALTH CARE SYSTEM AT LANCASTER STATE PRISON CONTRACTED TO PROVIDE MEDICAL CARE TO INMATE'S, AND CHARGED WITH THE DUTY OF PROVIDING PROFESSIONAL MEDICAL SERVICES.
AT ALL TIMES RELEVENT DR. ADAMS ACTED UNDER THE COLOR

OF STATE LAW, HE/SHE IS HEREBY SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITY. JOINTLY AND SEVERALLY, FOR THOSE ACTS AND OMISSIONS DESCRIBED FULLY BELOW.

6. DEFENDANT, P. FINANDER, M.D., MBA, CCHP, AT ALL TIMES RELEVENT TO THIS ACTION WAS/IS APART OF CDCR'S MEDICAL HEALTH CARE SYSTEM AT LANCASTER STATE PRISON CONTRACTED TO PROVIDE MEDICAL CARE TO INMATE'S, AND CHARGED WITH THE DUTY OF PROVIDING PROFESSIONAL MEDICAL SERVICES. AT ALL TIME'S RELEVENT DR. FINANDER ACTED UNDER THE COLOR OF STATE LAW, SHE IS HEREBY SUED IN HER INDIVIDUAL AS WELL AS OFFICIAL CAPACITY. JOINTLY AND SEVERALLY, FOR THOSE ACTS AND OMISSIONS DESCRIBED FULLY BELOW.

7. DEFENDANT P. SHANK AT ALL TIMES RELEVENT TO THIS ACTION WAS/IS APART OF CDCR'S MEDICAL HEALTH CARE SYSTEM AT LANCASTER STATE PRISON, CONTRACTED TO PROVIDE MEDICAL CARE TO INMATE'S, AND CHARGED WITH THE DUTY OF PROVIDING PROFESSIONAL MEDICAL SERVICES. AT ALL TIMES RELEVENT P. SHANK ACTED UNDER THE COLOR OF STATE LAW, HE IS HEREBY SUED IN HIS INDIVIDUAL AS WELL AS HIS OFFICIAL CAPACITY. JOINTLY AND SEVERALLY, FOR THOSE ACTS AND OMISSION DESCRIBED FULL BELOW.

### III. JURISDICTION AND VENUE

8. JURISDICTION IS ASSERTED PURSUANT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C 1983, TO REDRESS THE DEPRIVATION OF THOSE RIGHT SECURED BY THE UNITED STATES CONSTITUTION, DEPRIVED BY PERSONS ACTING UNDER COLOR OF STATE LAW. THE COURT HAS JURISDICTION OVER THESE MATTERS

1  PURSUANT TO 28 U.S.C. §§1331.1343 (A)(3)

2    9. THE UNITED STATES DISTRICT COURT OF CALIFORNIA, IN

3  THE COUNTY OF LANCASTER IS THE APPROPRIATE VENUE FOR

4  TRIAL PURSUANT TO 28 U.S.C. 1391 (B)(2). THE COUNTY OF LAN-

5  CASTER IS WHERE THE EVENTS COMPLAINED OF HAVE OCCURRED.

6                    IV.  STATEMENT OF FACTS

7    10. ON SEPTEMBER 21 OR ABOUT IN 1996 PLAINTIFF SUFFER

8  RED SEVER PHYSICAL TRAMA AS A RESULT OF A GUN SHOT

9  WOUND, AMONG OTHER THINGS/INJURIES, PLAINTIFF SUFFER

10 RED DAMAGE TO HIS SPINE, T-3 AND PARALIZED FROM THE

11 WASTE DOWN.

12   11. PLAINTIFF WAS TAKEN BY AMBULANCE TO SAN FRANCISCO

13 GENERAL HOSPITAL. WHERE HE RECEIVED TREATMENT BY

14 SPECIALIST IN SPINAL INJURIES AND ORTHOPEDIC SURGERY.

15   12. THE TREATING PHYSICIAN INFORMED PLAINTIFF CONDITION

16 AS DEGENERATIVE AND THAT THE AFFECTED VERTERBA THEMSELVES

17 WOULD REMAIN IN A STATE OF SEVERE SUBLUXATION, AND

18 WOULD CONTINUE TO PRESSURE THE DAMAGED TISSUES AND

19 SURROUNDING CEREBO-SPINAL AND SYMPATHETIC GANGLIONIC

20 NERVES.

21   13. ASWELL AS PLAINTIFF'S SPINAL INTEGRITY DEGRADES,

22 PLAINTIFFS PAIN AND MOBILITY WOULD BECOME INCREAS-

23 INGLY SEVERE AND RESTRICTED, SPINAL MOVEMENT (INCLUD

24 ING AXIAL ROTATION (TWISTING) LETERAL FLEXION (SIDE

25 BENDING) EXTENTION, AND PARTICULARLY, FLEXION (BENDING

26 OVER) WOULD DIMINISH TO THE DEGREE OF INHIBITING NOR-

27 MAL BODY MOVEMENT.

28   //

3.

14. PLAINTIFF UPON ARRIVING INTO THE CUSTODY OF C.D.C.R. IN 2008 SIGNED A MEDICAL RELEASE FORM SO THAT CDCR COULD CONTINUE TO FOLLOW PRESCRIBED TREATMENT FROM PLAINTIFF'S PRE-EXISTING INJURIES.

15. DEFENDANT DR. A. SWABY AT ALL TIMES RELEVENT WAS ACTING UNDER THE COLOR OF STATE LAW, AT/FOR C.S.P. LANCASTER, DID WITH DELIBERATE INDIFFERANCE OPPERATE UNDER A DEFECTIVE POLICY CALLE (C.A.C.) COMPREHENSIVE ACCOMEDATION CHRONO; ASWELL LIED STATING ON 3.6.2012 THAT PLAINTIFF REFUSED TO PARTICIPATE IN THE EXAMINATION, UPON WHICH INFACT THE PLAINTIFF HAD FILED AN 602 APPEAL TO ADDRESS THIS VERY ISSUE.

16. WHEREFORE ON 3.6.2012 PLAINTIFF SAW DR. A. SWABY AND UPON DOING THE EXAMINATION PLAINTIFF IN-FORMED DR. SWABY MY BACK WAS HURT AND I COULD ONLY BEND DOWN AS FAR FORWORD AS I HAD ASWELL BEND TO THE LEFT/RIGHT AND TO THE BACK BECAUSE OF SEVERE RESTRICTED SPINAL PAIN DURING ANY KIND OF ROTATION.

17. THEREIN DR. SWABY STATED HE'D OBSERVED ME WALK GREATER THAN 100 YARDS WITHOUT PAUSE OR ASSISTIVE DEVICE AND SINCE I WAS NOT GOING TO CO-OPERATE WITH THE EXAMINATION HE FOUND THERE WAS NO MEDICAL NEED FOR A LOWER/TEIR LOWER/BUNK AND WAS DENYING PLAINTIFF'S APPEAL, AT FIRST LEVEL AND MY SERIOUS MEDICAL NEEDS.

18. PLAINTIFF THEREIN PLEADED WITH DR. SWABY THAT HE HAD DONE THE BEST HE COULD AND THAT HE DID HAVE A (A.F.O.) LEG BRACE /ASSISTIVE DEVICE AND ASKED DR. SWABY TO LOOK INTO HIS MEDICAL FILE.

19. FURTHERMORE PLAINTIFF DID SUPPOSE TO HAVE A CURRENT (C.A.C.) COMPREHENSIVE ACCOMEDATION CHRONO AND HOW HE FELT THE POLICY IS DEFECTIVE BECAUSE OF SUCH EXPIRATION'S, VIOLATING TREATMENT.

20. DEFENDANT DR. ADAMS AT ALLTIMES RELEVENT ACTED UNDER THE COLOR OF STATE LAW AT LANCASTER STATE PRISON DID ACT AS A REVIEWING SUPERVISOR AT THE FIRST LEVEL, ON 3-6-2012

21. DR. ADAMS IS AWARE OF PLAINTIFF SERIOUS MEDICAL NEEDS, CARE AND TREATMENT PROVIDED IN REGARDS TO MY PASS AND THAN PRESENT CONDITION TO HAVE SUFFERED FROM A GUN SHOT WOUND RESUALTING PLAINTIFF'S HAVING A LEFT FOOTHOOF DROP, BACKPAIN

22. DEFENDANTS ADAMS HAD FIRST HAND KNOWLEDGE THAT PLAINTIFF HAD AN (A.F.O.)' LEG BRACE AND A LOWER/TEIR AND LOWER/BUNK. ASWELL UPAN INFORMATION AND BELIEF DR. ADAMS HAD PRIOR KNOWLEDGE THAT THE (C.A.C) POLICY WAS DEFECTIVE, IN THAT PATIENT'S PERMINET CHRONO'S DO WITHOUT NOTICE EXPIER PLACING PACIFICALLY PLAINTIFF IN CONTINUED IMMINET DANGER, THAT HAS AND IS CONTINUING TO DEPRIVE, CAUSE INJURIES REPEATEDLY AND VIOLATING MY CONSTITUTIONAL RIGHTS

TO RECEIVE ADEQUATE MEDICAL CARE FOR HIS SERIOUSS
WHEN ON 3·6·2012 DR. ADAMS APPROVED THE DENIAL
OF PLAINTIFF'S SERIOUS MEDICAL NEED TO HAVE
A CURRENT (C.A.C.).

23. DEFENDANT P. FINANDER (C.M.E.) AT ALL TIMES
RELEVENT WAS ACTING UNDER THE COLOR OF STATE LAW
AT LANCASTER AND AS SUPERVISOR SHE HAS KNOWLEDGE
OF THE DEFECTIVE POLICY (C.A.C.) COMPREHENSIVE
ACCOMEDATION CHRONO's.

24. DEFENDANT FINANDER DENIED PLAINTIFF AD-
EQUATE MEDICAL CARE / TREATMENT FOR HIS SERIOUS
MEDICAL NEEDS DURING HER REVIEW OF PLAINTIFF
MEDICAL 602 APPEAL AT THE SECOND LEVEL, WHEREIN
SHE DENIED PLAINTIFF APPEAL WITHOUT A INTERVIEW
PHYSICAL EXAM, ON 4·17·2012

25. FURTHERMORE FINANDER DEPRIVED ME THE
SERIOUS MEDICAL CARE NEEDED, THEREIN PLACING
PLAINTIFF IN SUSTAINED FEAR, AND SUBJECTED TO
REPEAT INJURIES, PAIN ETC. AS SHE PACIFICALLY
BASED THIS DENIAL ON DR. SWABY'S FIRST LEVEL OF
REVIEW WHICH IN ITS-SELF DENIED PLAINTIFF HIS
APPEAL PROCESS, AND WHICH AFFORD DEFENDANTS THE
OPPERTUNITY TO RACTIFY THE INDIFFERANCE THAT WAS
BEING DELIBERATLY ASSERTED BY ALL ABOVE NAMED
PARTIES TO DENY PLAINTIFF CARE / TREATMENT FOR HIS
SERIOUS MEDICAL NEED FOR A LOWER/BUNK AND A
LOWER/TEIR.

//

26. DEFENDANT P. SHANK AT ALL TIMES RELIVENT WAS ACTING UNDER THE COLOR OF LAW FOR THE STATE OF CALIFORNIA. AT/IN LANCASTER STATE PRISON.

27. P. SHANK'S ON 4/18/2012 AS CHIEF EXECUTIVE OFFICER OF HEALTH CARE, AND ANOTHER SUPERVISOR WHO WAS ASSISTING AS A REVIEWER OF THE RE-VIEWER, WITH THE AUTHORITY TO RECTIFY THE DELIBERAT INDIFFERANCE BEING ASSERTED BY P. FINANDER BIAS WANTON DENIAL WITHOUT NEW DATTA, INTERVIEW, PHYSICAL EXAM ETC.

28. BASED ON INFERMATION AND BELIEF PLAINTIFF ASSERT'S P. SHANK'S HAS/HAD KNOWLEDGE OF THE DEF-ECTIVE (C.A.C.) POLICY THAT EXPIER'S, AND/OR IS UNNECESSARY RECINDED PACIFICALLY IN RE-GARDS TO PLAINTIFF WHO'S CONDITION IS PERMIN-ET AND DEGINERATIVE. DENYING PLAINTIFF CARE FOR HIS SERIOUS MEDICAL NEED IN THE VIOLAT-ION OF PLAINTIFFS CONSTITUTIONAL RIGHTS.

29. WHEREFORE DEFENDANT NAMED ABOVE ARE SUBJECTING PLAINTIFF TO SUFFER CONTINUED INJURIE S ONGOING. BY THE DENIAL OF MEDICAL CARE AND TO FIX THE DEFECTIVE POLICY (C.A.C.) ASWELL RESULTING FROM LACK OF ADEQUATE MEDICAL CARE FORM TIME OF INJURY, CONTINUING WHILE INCARCERATED, TO PRESENT - PLAINTIFF HAS INCREASINGLY SUFFERED RESTRICTED SPINAL AND BODY MOTION, AND LEFT FOOTDROP ITS CONDITION IS CURRENT AND ONGOING, AND HAS RESULTED IN PLAINTIFF'S INABILITY TO SLEEP, EXERCISE

OR EVEN WALK, SIT FOR ANY DISTANCE OF TIME WITH-
OUT SEVERE PAIN, AND ANY AND ALL MEDICATION
HAS BEEN WHOLLY INADEQUATE.

### V. EXHAUSTION OF MY ADMINISTRATIVE REMEDIES

30. PLAINTIFF HAS TIMELY EXHAUSTED ALL AVAILABLE
PRIOR TO THIS COMPLAINT.

### VI. CAUSE OF ACTION

31. DEFENDANTS, A. SWABY D.O., A. ADAMS M.D., MBA;
P. FINANDER, M.D., MBA CCHP, P. SHANK ACTED WITH DEL-
IBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL
NEEDS, VIOLATING PLAINTIFF'S RIGHTS CONSTITUTING
CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH
AMENDMENT OF THE UNITED STATES CONSTITUTION.

### VII. PRAYER FOR RELIEF

32. WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS
COURT ENTER AN ORDER: ISSUING DECLARATORY RELIEF,
DECLARING THE ACTS AND OMISSIONS OF THE DEFENDANTS
HAVE VIOLATED PLAINTIFF'S RIGHTS, AND STATING THE DEFEND
ANTS DUTIES WITH RESPECT TO THOSE RIGHTS;

33. ISSUING INJUNTIVE RELIEF, COMMANDING THE
DEFENDANTS TO (I) FIX THE DEFECTIVE (C.A.C.) POLICY
AND/OR CHANGE IT COMPLETLY.

34. TRIAL BY JURY IS HEREBY DEMANDED ON ALL CLAIMS
ALLEGED HEREIN, AND THE PARTIES ARE HEREBY GIVEN
NOTICE, PURSUANT TO FED. R. CIV. P. 38 (A) (C)

//

//

(FIRST CLAIM FOR RELIEF)

"VIOLATION OF 42 U.S.C. §1983"
DELIBERATE INDIFFERANCE TO SERIOUS
MEDICAL NEEDS

35.   PLAINTIFF INCORPORATES BY REFFERANCE ALL COUNTS HEREIN AS IF SET FORTH HERE AND, AS A FIRST CLAIM FOR RELIEF ALLEGE: DEFENDANTS EACH HAD THE DUTY TO PROVIDE IMMEDIATE MEDICAL CARE TO PLAINTIFF WHO SUFFERED SERIOUS MEDICAL NEEDS, AND/OR IN A REASONABLE AMOUNT OF TIME, THEREIN DEFENDANTS FAILED TO TREAT, CARE, EXAMINED PLAINTIFF'S WITH DELIBERATE INDEFFERANCE FROM ON/OR ABOUT 3·6·2012 THROUGH PRESENT, DESPITE ACTUAL AND/OR CONSTRUCTIVE KNOWLEDGE OF PLAINTIFF'S SERIOUS MEDICAL NEEDS OF MEDICAL ACCOMODATIONS AND ASSISTIVE DEVICES, PAIN MEDICATION ASWELL AS EXAMINATION BY SPECIALIZE DOCTORS QUALIFIED TO MAKE A DIAGNOSIS AND/OR THE SPECIALIZED EQUITMENT TO MAKE SUCH A DIAGNOSES, VIOLATING MY CONSTITUTIONAL RIGHTS. 8TH AS A LEGIAL AND PROXIMATE RESULT OF DEFENDANTS DELIBERATE INDIFFERANCE PLAINTIFF SUFFERED INJURIES, FROM FALL'S, BACK PAIN AND LEG PAIN ALL AGGRIVATED BY NOT RECEIVING ADEQUET MEDICAL CARE. AND DURING ALL TIMES MENTIONED HEREIN THE DEFENDANTS AND EACH OF THEM, SEPARATELY AND IN CONCEET ACTED UNDER THE COLOR OF LAW, TO WIT, THE (C.A.C.) POLICY AND INTER QUAL CRITERIA AND IT'S CONECTION TO IT'S HEALTH CARE SYSTEM ASWELL C.D.C.R'S REGULATION 3350 ARE SO SYSTEMATICALY DEFECTIVE THEY ARE THE MOTIVATING FORCE OR REASON EACH DEFENDANT ACTED OR FAILED TO ACT WHICH HAS CAUSE AND STILL IS CAUSING PLAINTIFF INJURIES AND PAIN.

9.

36. AWARD PLAINTIFF COMPENSATORY DAMAGES FOR THE UNNECESSARY RESINDING / EXPIERING (C.A.C.) CHRONO'S WHICH HAS CAUSED AND IS CONTINUING TO CAUSE INJURIES, PAIN AND SUSTAINED FEAR, GO TO EXERCISE YARD, BACKPAIN, ANXIETY FROM FUTURE RISK OF HARMS, PAST & CURRENT. OF HIS PERSON / CONDITION IN THE AMOUNT OF 25,000

37. AWARD PLAINTIFF PUNITIVE DAMAGES IN THE AMOUNT OF 25,000

AND ANY OTHER RELIEF THIS COURT DEEM JUST AN PROPER.

VERIFICATION

PURSUANT TO 28 U.S.C §1746, I LAFONZO R. TURNER DECLARE AND VERIFY, UNDER THE PENALTY OF PURJURY UNDER THE LAWS OF THE UNITED STATE'S OF AMERICA, THAT I HAVE READ THE FOREGOING AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY BELIEF AND KNOWLEDGE. EXECUTED 8.7.2016 AT C.S.P. SACRAMENTO.

RESPECTFULLY
mr. Lafonzo R. Turner

10

EXHIBIT   A



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



PELICAN BAY
UNIT B-3

### Institution Response for First Level HC Appeal

**Date:** 3/6/2012

**To:**   Turner, Lafonzo (G05794)
D 109L
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**INMATE COPY**

**Tracking/Log #:**   LAC HC 12044217

**Appeal Issues:**
In your CDCR-602HC Inmate/Parolee Health Care Appeal Form received on 2/1/2012, you indicated:

|  | **Issue Type** | **Action Requested** | **Disposition** |
|---|---|---|---|
| Issue 1: | Accomodation | Wants Chrono for low bunk and low tier | Denied |

**Interview:**

You were interviewed by Dr. A. Swaby D.O on 3/6/2012 regarding this appeal. During the interview, you were allowed the opportunity to fully explain your appeal issue(s). Your appeal, UHR, and all pertinent departmental policies and procedures were reviewed.

The Disability Effective Communication System was checked and you were determined to have a test for Basic Adult Education (TABE) score of above 4.0 and did not require accommodation to ensure effective communication.

**Response:**

Today you were seen, examined, and your UHR was reviewed .You were seen and an attempt was made to examine you. You were noted to walk with a strong and steady gait without assistance or need to pause. You refused to cooperate with the examination of your extremities, you stated "Just look at my file, you don't need to examine me". As such no medical necessity for a low bunk or low tier is established at this time.

A review of your appeal with attachment(s), Unit Health Record (UHR), and all pertinent departmental policies and procedures were reviewed.

**Appeal Decision:**

Based upon the aforementioned information, your appeal Denied

Denied : Low Bunk/Low Tier

If dissatisfied, submit additional information or reason for requesting a Second Level of Review and submit to

the Health Care Appeal Coordinator within 30 days of receipt of this response.

_Sgner for Dr Swaby_

_____     3/9/16
A. Swaby D.O.              Date
Physician & Surgeon
California State Prison, Los Angeles County


_____     3/6/12
A. Adams M.D, MBA          Date
Chief Physician & Surgeon
California State Prison, Los Angeles County



**CALIFORNIA CORRECTIO** PELICAN BA
# HEALTH CARE SERVICES UNIT

### Institution Response for Second Level HC Appeal

**INMATE COPY**

**Date:**  4/17/2012

**To:**  TURNER, LAFONZA (G05794)
D  001 109001L
California State Prison – LA County
P.O. Box 4670
Lancaster, CA 93539-4670

**Tracking/Log #:**  LAC HC 12044217

**Appeal Issues:**
In your CDCR-602HC Inmate/Parolee Health Care Appeal Form received on 2/13/2012, you indicated that you had the following issue/concern:

| Issue/Concern | Action Requested |
|---|---|
| Chrono | Wants a bottom bunk/low tier Chrono |

**Interview:**

You were interviewed by CSP-LAC medical provider Dr. A. Swaby on 3/6/2012 regarding this appeal. During the interview, you were allowed the opportunity to fully explain your appeal issues.

A review of your appeal with attachments, Unit Health Record (UHR), and all pertinent departmental policies and procedures were reviewed.

**Response:**

The First Level Appeal, received on 2/13/2012 indicated that you want a bottom bunk/low tier Chrono.

You were interviewed, examined and your medical record reviewed by CSP-LAC medical provider Dr. A. Swaby on 3/6/2012.

Unfortunately, you were not fully cooperative with Dr. Swaby's physical examination.  However, you were observed to walk with a strong and steady gait.

Dr. Swaby was unable to establish the medical necessity of either a bottom bunk or a low tier cell assignment so a bottom bunk/low tier Chrono was not written for you.

**Appeal Decision:**

Based upon the aforementioned information, your appeal was Denied.

Denied:

- Bottom bunk/low tier Chrono

The Second Level Appeal, received on 3/30/2012 indicated that you were dissatisfied since your request had not been met and you added at the Second Level of Appeal additional issues and concerns that you claim to have a permanent Chrono for a bottom bunk/low tier cell assignment, that you walk with an assistive device and that you believe that if you are not in a bottom bunk/low tier that you are being placed in danger.

You are only thirty-nine years old, you have a BMI (body mass index) of 21.6, your gait has been observed to be strong, steady and intact, and there is no documentation in your medical records of any of the medical conditions, anatomical abnormalities, mobility impairment or medical infirmities that would either establish the medical necessity of a bottom bunk or a low tier or which would meet CDCR guidelines and criteria for a bottom bunk or a low tier cell assignment. Therefore, a bottom bunk/low tier Chrono will not be ordered or approved.

It is recommended that you use the AFO (ankle foot orthotics which you were given by the orthotist on 10/3/2011 on a regular basis.

It is inappropriate for an inmate-patient to recommend or demand a treatment plan and then expect a CDCR Medical Provider to implement the requested treatment plan. Medical treatment is determined by a Medical Provider based on their evaluation, diagnosis and CDCR policy.

CSP-LAC and the CDCR utilize InterQual Care criteria to evaluate the necessity of healthcare services. InterQual criteria are internationally recognized guidelines that support the delivery of quality health care as well as reviewer consistency. In addition to InterQual criteria, review of the English language, peer reviewed, evidence based medical literature may be utilized in the decision making process. Utilization management decisions are based on the appropriateness and effectiveness of healthcare services.

CDCR medical staff is under no obligation to provide treatment as ordered by another institution or outside facility. Medical treatment is based upon the judgment of CSP-LAC medical providers that the treatment is considered effective for the purpose intended, is evidence based and is supported by diagnostic information. Medical diagnosis and treatment recommendations may vary between facilities and consultants throughout the CDCR.

You are considered an active partner and participant in the health care delivery system. You are encouraged to cooperate with your medical providers in order to receive proper care and management of your medical conditions. You will continue to be evaluated and treatment will be provided based on your clinician's evaluation, diagnosis and recommended treatment plan in accordance with appropriate policies and procedures.

It is noted that you addressed the following new issues and concerns at the Second Level of Appeal Review that you claim to have a permanent Chrono for a bottom bunk/low tier cell assignment, that you walk with an assistive device and that you believe that if you are not in a bottom bunk/low tier that you are being placed in danger which were not requested at the First Level of Appeal. Therefore, these additional requested items and concerns will not be addressed at this Second Level of Appeal. Please refer to the California Code of regulations, Title 15, Section 3084.6(b) (16) which states, "The appeal issue or complaint emphasis has been changed at some point in the process to the extent that the issue is entirely new, and the required levels of review and assessment have thereby been circumvented". If the new issues and concerns you addressed are still a concern, please submit a Health Care Request Form, CDCR 7362, if you require medical assistance.

**Appeal Decision:**

Based upon the aforementioned information, your appeal is Denied.

Denied:

- Bottom bunk/low tier Chrono

TURNER, L. (G05794)
LAC HC 12044217
Page 3 of 3

*PELICAN BAY*
*UNIT B-7*

If dissatisfied, submit reasons for requesting a Director's Level of Review and mail to the Third Level within 30 calendar days of receipt of this response.

*P Finander MD, MBA CCHP*         4/17/2012
**P. FINANDER, M.D., M.B.A, CCHP**           Date
Chief Medical Executive
California State Prison - Los Angeles County


_____         4/18/12
**P. SHANK**                  Date
Chief Executive Officer, Health Care (A)
California State Prison - Los Angeles County

JUN 25 2012

STATE OF CALIFORNIA                                                    J. Clark Kelso, Receiver

PRISON HEALTH CARE SERVICES

**Date:**     February 8, 2011

**To:**       TURNER, LAFONZO (G05794)
              California State Prison – LA County
              P.O. Box 4670
              Lancaster, CA 93539-4670

**From:**     California Prison Health Care Services
              Office of Third Level Appeals - Health Care
              P.O. Box 4038
              Sacramento, CA 95821-4038

**Tracking/Log # :**     LAC HC 10002989     Institution Tracking/Log # : LAC-25-10-12661

This appeal was reviewed on behalf of the Director, California Department of Corrections and Rehabilitation (CDCR), by staff under the supervision of the Health Program Manager III. All submitted information has been considered.

**DIRECTOR'S LEVEL DECISION:**

Appeal is denied.

**ISSUES:**

Your CDCR 602-HC indicated you have pain due to nerve damage/neuropathy in your back and leg.

You requested the following:
To see a specialist; receive all the necessary chronos, and pain medication for your nerve damage.

**PRIOR APPEAL HISTORY:**

Informal Level:
The informal level was bypassed and elevated to the first level of review.

First Level:
At the first level, submitted on August 22, 2010, you stated the same issues and concerns as noted above.

The First Level Response (FLR) stated your appeal was partially granted. You were seen by a certified orthotics specialist and custom fitted for an ankle-foot-orthotics brace (AFO) which you received on May 11, 2009. On September 14, 2010, you were issued canvas upper shoes which have a wide toe and extra padding of the soles. You have a current chrono for bottom bunk, lower tier cell, the AFO brace, and the canvas shoes. The chrono issues addresses your medical condition. You were seen by a physical therapist and told to use the home exercise program (HEP) to help your knee and back.

Second Level:
At the second level, submitted on October 7, 2010, you stated your pain medication is not adequate and you are not getting the proper medical care you deserve.

20

L.TURNER, G05794
LAC HC 10002989
Page 2 of 2

The Second Level Response (SLR) stated your appeal was partially granted. Your appeal issues were reviewed and responded to at the FLR. The appeal issues were reviewed and responded to appropriately at the FLR. The SLR agrees with the previous findings.

## BASIS FOR DIRECTOR'S LEVEL DECISION:

At the Director's Level of Review (DLR), submitted on November 10, 2010, you stated the shoes you were given made your left foot slip out and your left knee went out as well. You state you have dramatic nerve damage and a history of back pain. You also state you could not go to physical therapy because your shoes were not safe.

A review of the appeal file was performed and revealed the following:

You were evaluated regarding your medical concerns and you received treatment as deemed medically necessary by your provider, based on examinations and evaluation, in accordance with policy and procedures. Your request to be seen by a specialist was not medically indicated.

Inmates may not demand particular medication, diagnostic, or course of treatment. The California Code of Regulations (CCR), Title 15, Section 3354, Health Care Responsibilities and limitations, (a) Authorized Staff, states "Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted within the scope of their licensure, to diagnose illness, or prescribe medication and health care treatment for inmates. No other personnel or inmate may do so."

After review, there is no compelling evidence that warrants intervention at the Director's Level of Review as your medical condition has been evaluated by licensed clinical staff and you are receiving treatment deemed medically necessary.

## RULES AND REGULATIONS:

The rules governing these issues are: California Code of Regulations, Title 15; Inmate Medical Services Program Policies and Procedures (2006); and the Department Operations Manual.

## ORDER:

No changes or modifications are required by the institution.

This decision exhausts your available administrative remedy within the CDCR.

N. Warren, Chief (Acting)
California Prison Health Care Services
Office of Third Level Appeals-Health Care

cc: Chief Executive Officer, LAC
    Health Care Appeals Coordinator, LAC

SL

EXHIBIT B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

None

1. Barrier Free/Wheelchair Access  P / T _____
2. Ground Floor Cell  P / T _____
3. Continuous Powered Generator  P / T _____

4. Bottom Bunk  P / T _____
5. Single Cell (See 128-C date: _____ )  P / T _____
6. Permanent OHU / CTC (circle one)  P / T _____
7. Other  P / T _____

## B. MEDICAL EQUIPMENT/SUPPLIES

None

8. Limb Prosthesis  P / T _____
9. Brace  P / T _____
10. Crutches  P / T _____
11. Cane: (type) _____  P / T _____
12. Walker  P / T _____
13. Dressing/Catheter/Colostomy Supplies  P / T _____
14. Shoe: (specify) Cones upper size 14  P / T _____
15. Dialysis Peritoneal  P / T _____

16. Wheelchair: (type) _____  P / T _____
17. Contact Lens(es) & Supplies  P / T _____
18. Hearing Aid  P / T _____
19. Special Garment:
    (specify) _____  P / T _____
20. Rx. Glasses: _____  P / T _____
21. Cotton Bedding  P / T _____
22. Extra Mattress  A F B  P / T _____
23. Other  A F B  P / T _____

## C. OTHER

None

24. Attendant to assist with meal access  P / T _____
    and other movement inside the institution.

Attendant will not feed or lift the inmate/patient
or perform elements of personal hygiene.

25. Wheelchair Accessible Table  P / T _____

26. Therapeutic Diet: (specify) _____  P / T _____
27. Communication Assistance  P / T _____
28. Transport Vehicle with Lift  P / T _____
29. Short Beard  P / T _____
30. Other _____  P / T _____

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☐ Yes  ☑ No

If yes, specify: _____

| INSTITUTION LAC | COMPLETED BY (PRINT NAME) O. UIBNMI  WPDF | TITLE PDC |
| --- | --- | --- |
| SIGNATURE | DATE 9/10/10 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE Approved — two, four, fourteen twenty three | DATE 9/13/10 | Turner Lafrizo G 05774  9/16/82. |
| APPROVED (list the number of items approved) MD | | |
| DENIED (list the number of items denied) | | |

COMPREHENSIVE ACCOMMODATION
CHRONO

CDC 7410 (08/04)

# 77863

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

None

1. Barrier-Free/Wheelchair Access  P / T _____
2. Ground Floor Cell  (P) T _____
3. Continuous Powered Generator  P / T _____

4. Bottom Bunk  (P) / T _____
5. Single Cell (See 128-C date: _____ )  P / T _____
6. Permanent OHU / CTC (circle one)  P / T _____
7. Other _____  P / T _____

### B. MEDICAL EQUIPMENT/SUPPLIES

None

8. Limb Prosthesis  P / T _____
9. Brace  P / T _____
10. Crutches  P / T _____
11. Cane: (type)  P / T _____
12. Walker  P / T _____
13. Dressing/Catheter/Colostomy Supplies  P / T _____
14. Shoe: (specify) _____  P / T _____
Dialysis Peritoneal  P / T _____

16. Wheelchair: (type) _____  P / T _____
17. Contact Lens(es) & Supplies  P / T _____
18. Hearing Aid  P / T _____
19. Special Garment:
    (specify) _____  P / T _____
20. Rx. Glasses:  P / T _____
21. Cotton Bedding  P / T _____
22. Extra Mattress  P / T _____
23. Other  (L)  AFO braces  (P) T _____

### C. OTHER

None

24. Attendant to assist with meal access  P / T _____
    and other movement inside the institution.

Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene.

25. Wheelchair Accessible Table  P / T _____

26. Therapeutic Diet: (specify) _____  P / T _____
    _____
27. Communication Assistance  P / T _____
28. Transport Vehicle with Lift  P / T _____
29. Short Beard  P / T _____
30. Other  P / T _____

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☐ Yes  ☒ No

If yes, specify: _____

| INSTITUTION  LAC | COMPLETED BY (PRINT NAME)  Wu-C | TITLE  MD |
|---|---|---|
| SIGNATURE | DATE  8/6/10 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE  Bhuard MD | DATE  8/9/10 | Turner, Lafonzo |
| APPROVED (list the number of items approved)  two, four, twenty-three  #67961 | | G 05794  9/16/82 |
| DENIED (list the number of items denied) | | |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (08/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate

Confidential Saved 2014-04-08T15:30:13Z

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

None

| | | |
|---|---|---|
| 1. Barrier Free/Wheelchair Access P/T _____ | 4. Bottom Bunk (P)/T _____ |
| 2. Ground Floor Cell (P)/T _____ | 5. Single Cell (See 128-C date: _____ ) P/T _____ |
| 3. Continuous Powered Generator P/T _____ | 6. Permanent OHU / CTC (circle one) P/T _____ |
| | 7. Other P/T _____ |

### B. MEDICAL EQUIPMENT/SUPPLIES

None

| | | | |
|---|---|---|---|
| 8. Limb Prosthesis | P/T _____ | 16. Wheelchair: (type) _____ | P/T _____ |
| 9. Brace | P/T _____ | 17. Contact Lens(es) & Supplies | P/T _____ |
| 10. Crutches | P/T _____ | 18. Hearing Aid | P/T _____ |
| 11. Cane: (type) _____ | P/T _____ | 19. Special Garment: (specify) | P/T _____ |
| 12. Walker | P/T _____ | 20. Rx. Glasses: | P/T _____ |
| 13. Dressing/Catheter/Colostomy Supplies | P/T _____ | 21. Cotton Bedding | P/T _____ |
| 14. Shoe: (specify) _____ | P/T _____ | 22. Extra Mattress | P/T _____ |
| 15. Dialysis Peritoneal | P/T _____ | (23.) Other Left Foot AFO brace (P)/T _____ |

### C. OTHER

(None)

| | | |
|---|---|---|
| 24. Attendant to assist with meal access P/T _____ and other movement inside the institution. | 26. Therapeutic Diet: (specify) _____ | P/T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | 27. Communication Assistance | P/T _____ |
| | 28. Transport Vehicle with Lift | P/T _____ |
| 25. Wheelchair Accessible Table P/T _____ | 29. Short Beard | P/T _____ |
| | 30. Other | P/T _____ |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☐ Yes   ☒ No

If yes, specify: _____

| INSTITUTION CSP-LAC | COMPLETED BY (PRINT NAME) P Finander | TITLE MD |
|---|---|---|
| SIGNATURE P Finander MD | DATE 4/28/09 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE P Finander MD | DATE 4/28/09 | Turner, Lafonzo |
| (APPROVED) (list the number of items approved) two, four, twenty-three | | G05794 |
| DENIED (list the number of items denied) | | 09/16/82   D2-205L |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (08/04)

Confidential Saved 2014-04-08T15:30:13Z

EXHIBIT C

| DATE | TIME | |
|---|---|---|
| 1/29/10 | 1245 | |

T 97.8
P 76
R 18
BP 124/81
O2 98% RA

**EFFECTIVE COMMUNICATION**

**1. CHECKED TABE, LD AND/OR DEC** – Effective communication needed? ☐ YES ☒ NO
If "YES", answer Questions #2 & #3 below.

**2. ASSISTANCE PROVIDED TO ENSURE EFFECTIVE COMMUNICATION:**
☐ Use of Text Magnifier                    ☐ Read document to Pt
☐ Foreign Language Interpreter             ☐ Sign Language Interpreter
☐ Written Notes (see attached notes)       ☐ Lip Reading
☐ Pt was wearing his hearing aid(s)        ☐ Simple English
☐ Other _____
☐ Pt stated he did not need any assistance for effective communication

**3. METHOD USED TO DETERMINE COMMUNICATION WAS EFFECTIVE:**
☐ Pt reiterated in his own words what was explained
☐ Pt asked appropriate questions regarding the information provided
☐ Pt provided appropriate substantive responses to questions asked
☐ Other _____

S: Pt c/o left knee pain acute today. He was walking and pain started. ? fall. H/o chronic Ⓡ knee pain and back pain. Pt also c/o back pain today. ∅ Numbness in legs. ∅ Swelling.

Gen - AAO x3, in NAD       HEENT - NC/AT, PERRL
Lungs - CTA Ⓑ              Heart - RRR, ∅ m/r/g
Abd - ⊕ BS, soft           Skin - ∅ lac. ∅ rash
Ext - limited ROM Ⓛ knee, ∅ calor/erythema,
  Ⓛ patellar bony prominence. Back full ROM

A/P: ① Left knee pain    ② Acute on chronic LBP
  - X-Ray Ⓛ knee.          - X-Ray L-spine
  - Prelim. neg.           - Prelim. neg.
  - Rx Tyl #3 PO x 1 now. Return to yard.
                          Flu MD line in 7-10 days.

INSTITUTION        HOUSING UNIT

C. CHIN, M.D.
Staff Physician
CSP - Los Angeles County

**INTERDISCIPLINARY PROGRESS NOTES**

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH

Turner, Lafonzo
G05794
9/16/72

STATE OF CALIFORNIA
**HEALTH CARE TRANSFER INFORMATION**
CDCR 7371 (Rev. 06/07)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**NEEDS IMMEDIATE ATTENTION**

☐ Medical and Return  ☐ Psychiatric and Return  ☐ Return from Medical and Return

| SENDING INSTITUTION CSP-LAC RC | INMATE NAME Turner, Lamont | CDC NUMBER G-05794 |
|---|---|---|

Allergies: _____ No known allergies ☒

| SIGNIFICANT MEDICAL / DENTAL / MENTAL HEALTH PROBLEMS / COMMENTS | | |
|---|---|---|
| (e.g. suicide attempts, dental needs, special diet, pending or incomplete consults, laboratory tests, x-rays) GERD, CIU, CLBP, MDDD, S/O Typ | Chronic Care Program (List type) | Date of Last Visit |

Date of Last Physical: 6/11/10 CC MH visit   Keyhea ☐   Valley Fever Elevated Risk Criteria ☐

Medical Prosthetic Device(s)?  ☐ Yes  ☒ No   Type:

Medical Hold Initiated?  ☐ Yes  ☒ No   Reason: _____ Bottom Bunk/ground floor cell

Medical Chronos reviewed? ☒ Yes  ☐ No  | Type of Medical Chrono? R/8 CTB Chrono   TB Alert Code: 22

Mental Health Level of Care:  ☐ None  ☒ CCCMS  ☐ EOP  ☐ MHCB  *Suicide History ☒ Yes  ☐ No

Dental Priority Classification (DPC):   1 ☐   2 ☐   3 ☒   4 ☐   5 ☐

Dental Prosthesis(s)?  Full Denture  Upper ☐  Lower ☐
                        Partial Denture  Upper ☐  Lower ☐

| MEDICATIONS PRESCRIBED | | | | | | | |
|---|---|---|---|---|---|---|---|
| Medication Administration Recorded Attached: ☐ Yes ☐ No   Pharmacy Profile Attached: ☒ Yes ☐ No | | | | | | | |
| Name of Medication (including TB) | Dose | Route | Frequency | Start Date | Stop Date | Heat Risk Med | |
| All meds | profile | | | | | | |

| DIAGNOSTIC TESTS PERFORMED | Disability (See CDC 1845) | | Developmental Disability | |
|---|---|---|---|---|
| Is inmate pregnant? ☐ Yes ☒ No ☐ EDC  N/A | DPW ☐ | DPS ☐ | DD1 ☐ | DD2 ☐ |
| Tuberculosis: PPD Test  E  mm Date Read: √ 7/10 | DPV ☐ | DPM ☐ | DD1A ☐ | DD3 ☐ |
| Chest X-ray ☐ Normal ☐ Abnormal  Date Read: | DPH ☐ | DPO ☐ | | |

MISC TESTS (Check each box that applies to inmate) RPR/VDRL:
Hepatitis:  ☐ Reactive  ☐ Non-reactive   Treated? ☐ Yes ☐ No  Date treated: _____
            ☐ Positive  ☒ Negative  Type: 11/8/08   Treated? ☐ Yes ☐ No  Date treated: _____

Other screening test results & date: _____

Other Laboratory:
Data:

| Pending Medical/Mental Health Appointments: | Date | Attachments? ☐ Yes ☐ No |
|---|---|---|
| ☐ Chronic Care | | Special Transport Instructions: |
| ☐ Specialty | | Universal Prec. |
| ☐ Telemedicine | | |
| ☐ Other | | *Attach Mental Health Tracking System Inmate Profile |

| COMPLETED BY SENDING INSTITUTION (Print/Stamp Name) E Cabrera | RN SIGNATURE / TITLE / DATE / TIME MChareuRN 6/11/10 1300 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| REVIEWED BY RECEIVING INSTITUTION RN/MTA/LPT (Print/Stamp Name) G Hardy RN | SIGNATURE / TITLE / DATE / TIME G Hardy RN 7/8/10 @ 0940 | 09/16/72 |

ORIGINAL - RECEIVING INSTITUTION
CANARY - SENDING INSTITUTION

RECEIVING INSTITUTION
MCSP

CHRONIC CARE FOLLOW-UP VISIT          ☐ continuation progress note atta...

chronic diseases: (1) _____ ; (2) _____ ; (3) HTN

**HISTORY:** ① Foot drop

o **Pharmacy profile attached (or list current medications here)** _____ See MAR _____

_____ **RN/MTA Signature**

| **Complaints/Problems:** | **Asthma:** |
|---|---|
| CV / Hypertension: Chest Pain: Yes ☐ No ☐  SOB: Yes ☐ No ☐ | # attacks since last visit:_____ |
| Diabetes Mellitus: # of hypoglycemic reactions since last visit: _____ | # short acting beta agonist canisters in last month:_____ |
| Seizure Disorder: # seizures since last visit: _____ | # visits to TTA for asthma since last visit:_____ |
| | # times awakening with asthma symptoms per week:_____ |

**All CCP Conditions:** other new symptoms: Yes ☐  No ☑ (if YES , please explain)_____

Additional History  37 yo male about PNH, No meds on HTN,
on (L) AFB walk, try to clini w/o difficulty.
den F/C/N/V/ DL cp/ SOB, regular stools (fenos)
chrono & refills pain meds

**CCP compliance with medications:** yes ☑ no ☐   **diet:** yes ☑ no ☐   **exercise:** yes ☑ no ☐
If no, describe:

**EXAM: HEENT:** PERRLA          Extremities/Pulses/Skin Changes: steady gait
(L) Foot drop

| **Neck:** Supple | **Neuro:** CNS II – XII ∅ |
|---|---|
| **Lungs:** B CTA ↓ w/R | **Rectal/Other (specify):** ⊕ effective counsel |
| **Heart:** RRR S.S. | |

**Abdomen:** Soft NTND

Comments on BP, Glucose Monitoring, Lab Values

N/S 99 - 98 - 18 - 127/90

**ASSESSMENT:**

| | Degree of Control | | | | Clinical Trend | | | |
|---|---|---|---|---|---|---|---|---|
| | G | F | P | NA | I | S | W | NA |
| 1. HTN (BP 127/90) | ☐ | ☑ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
| 2. GSW T3 (R) Foot drop , LBP (on AFB) | ☐ | ☑ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
| 3. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**PLAN:** ③ Rx _____ Cont'd
- Atenolol 25 g /day            — Tylenol PRN renew
                                      errors/indication

**Medications:**

**Lab/Diagnostics:** ① UTD 128-C3  ② UTD chrono

**Other:** ④ Called 7055  PT scheduled

**Monitoring:** ④ ☑ BP: _____ X week/month  ☐ Glucose: _____ X day/week / month  ☐Other: _____

**Education Provided:** ☐Nutrition  ☑Exercise  ☐Smoking  ☐Test Results  ☑Medication Management  ☐ Other:_____

| **Referral:** ☐ Specialist (specify):_____ | ☐Other Chronic Care Program (specify): _____ |
|---|---|
| ☐ High Priority | |

**# days to next visit:** ☐ 30  ☐ 60  ☑ 90  ☐180 ☐Other:_____   ☐Discharge from CCP (specify disease):_____

**Primary Care Provider Signature** _____  C WU, M.D.
                                    Staff Physician        S/ _____  **Date** 8/6/10 1400
                                    CSP-Los Angeles County

**OUTPATIENT INTERDISCIPLINARY PROGRESS NOTES**    CDC NUMBER, NAME (LAST, FIRST, MI), INSTITUTION AND DATE OF BIRTH

Atl ? Brad
pt understands
POC

TURNER LAFONZO
G 0 5 7 9 4
9 - 1 6 - 82

## CHRONIC CARE FOLLOW-UP VISIT    ☐ continuation progress note attached

List chronic diseases: (1) _____ HTN _____ ; (2) Ⓛ foot drop c/o GSW. ; (3) _____

**HISTORY:**

o Pharmacy profile attached (or list current medications here) _____ profile ✓ _____

_____ RN/MTA Signature

**Complaints/Problems:**

CV / Hypertension: Chest Pain: Yes ☐ No ☑  SOB: Yes ☐ No ☑

Diabetes Mellitus: # of hypoglycemic reactions since last visit: _____

Seizure Disorder: # seizures since last visit: _____

**Asthma:**
# attacks since last visit: _____
# short acting beta agonist canisters in last month: _____
# visits to TTA for asthma since last visit: _____
# times awakening with asthma symptoms per week: _____

**All CCP Conditions:** other new symptoms: Yes ☐ No ☐ (if YES , please explain) _____

Additional History 28 y/o here for 602. Stated h/s not getting any pain med ① request print out bring
and Orlw/pst told him he has neuropathy - so he needs neurontin. ② Cane
Also requesting chrono for cane and also to see foot specialist - which
he stated pain is not necessary pain since he had his OFP. ③ form - indicon unaware
gun-ralted 7/10 verse c pullon walking, relieved by NSAID, + numbness/tingling. ④ Specialist → podiatry

CCP compliance with medications: yes ☑ no ☐  diet: yes ☑ no ☐  exercise: yes ☑ no ☐

If no, describe: ⓑ other _____ explain: _____

**EXAM:  HEENT:** NCAF, PERRL, anicteric sclera, EOMI   **Extremities/Pulses/Skin Changes:** ⊕ Left foot drop c OFB
gait steady, not. RLE 5/5 LLE 4/5, all ext pulses (?)

**Neck:** ⊖ JVD/ carotid bruit,   **Neuro:** _____

**Lungs:** CTA ⓐ , chest expansion equal & unlabored   **Rectal/Other (specify):** _____

**Heart:** RRR, S1 S2

**Abdomen:** NT/ND/ BS ⓐ , ⊖ palpable mass

Comments on BP, Glucose Monitoring, Lab Values

137/89 96 60 20 wt: 192.

**ASSESSMENT:**

| | Degree of Control | | | | Clinical Trend | | | |
|---|---|---|---|---|---|---|---|---|
| | G | F | P | NA | I | S | W | NA |
| 1. HTN | ☑ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| 2. left foot drop s/p GSW | ☑ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| 3. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**PLAN:** Pt made aware he has to care for prn pain meds   Primary Care Flow Sheet Reviewed: ☐

**Medications:** Tylenol 650 mg po q10 prn pain, to current indicn. Canvas upper size 14

**Lab/Diagnostics:** Cont - HEP.

**Other:** _____

**Monitoring:** ☐ BP: _____ X week/month  ☐ Glucose: _____ X day/week / month ☐Other: _____

**Education Provided:** ☑Nutrition  ☑Exercise ☑Smoking  ☑Test Results  ☐ Medication Management ☐ Other: _____

**Referral:** ☐ Specialist (specify): _____   ☐Other Chronic Care Program (specify): _____
☐ High Priority

**# days to next visit:** ☐ 30 ☒ 60 ☐ 90 ☐180 ☐Other: _____   ☐Discharge from CCP (specify disease): _____

**Primary Care Provider Signature** _____   Date 9/9/10 10/5

OUTPATIENT INTERDISCIPLINARY PROGRESS NOTES
W. OLUKANMI, PA-C
PHYSICIAN ASSISTANT

CHRONO COMMITTEE FOR: Bottom Bunk
REQUESTING PHYSICIAN  Canvus upper
DATE: 9/14/10
GRANTED DENIED
REASON DENIED _____

STATE OF CALIFORNIA
CDCR 7419 (03/07)

CDC NUMBER, NAME (LAST, FIRST, MI), INSTITUTION AND DATE OF BIRTH

G05791
Turner
ALIN8

DEPARTMENT OF CORRECTIONS AND REHABILITATION

California State Prison – LAC

CDCR 128-C

| NAME: TURNER, Lafonzo | CDCR#: G05794 | DATE OF CHRONO: 07/08/2011 |
| DATE OF BIRTH: 09/16/1972 | HOUSING: A1 138L | PAROLE DATE: |

COMPREHENSIVE ACCOMMODATION CHRONO, 7410

A: HOUSING: Approved. Bottom bunk, permanent.
B: MEDICAL EQUIPMENT/SUPPLIES:
        Approved. Brace, AFO of the left lower extremity and patient has the
        brace, permanent.
        Approved. Orthopedic shoes, brown, Velcro closure, permanent.
C: OTHER: None.
D: PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS:
        Approved. Yes. Sedentary jobs.

A CDC 7410 has been completed and forwarded to the appropriate parties.

Corina Chin, MD

CC/cn  D: 07/08/2011 03:25:00 pm  T: 07/11/2011 04:00:59 pm  Job #: 212378
Orig: C-File    cc: Health Record  ☐ Housing Officer   ☐ Inmate Assignments   ☐ Inmate   ☐ CCI
☐ C&PR ☐ ALL    ☐ Facility Captain    ☐ Other _____

EXHIBIT D

LAFONZO R. TURNER
<small>Name and Prisoner Booking Number</small>

C.S.P SACRAMENTO
<small>Place of Confinement</small>

P. O. BOX 290066
<small>Mailing Address</small>

REPRESA, CA. 95671
<small>City, State, Zip Code</small>

(Failure to notify the Court of your change of address may result in dismissal of this action.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MR. LAFONZO R. TURNER
<small>(Full Name of Plaintiff)</small>                    Plaintiff,

vs.                                                      CASE NO. _____
                                                          <small>(To be supplied by the Clerk)</small>

(1) MD. RIAZ, N  (OFC. AND IN, CAPACITY)
<small>(Full Name of Defendant)</small>

(2) MD. DUC, V.M. (OFC. AND IN, CAPACITY)

(3) PSY. NGUYEN (OFC. AND IN CAPACITY)                   DEMAND FOR TRIAL
                                                          CIVIL RIGHTS COMPLAINT
                                                          BY A PRISONER

(4) WARDEN, J. MACOMBER (OFC. CAPACITY)
ET. AL/Defendant(s).                                     ☒ Original Complaint

☑ Check if there are additional Defendants and attach page 1-A listing them.    ☐ First Amended Complaint
                                                          ☐ Second Amended Complaint

A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☒ 28 U.S.C § 1343(a); 42 U.S.C. §1983
      ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 351 (1971)
      [illegible]

2.    Institution/city where violation occurred: _____

550/555

## B. DEFENDANTS

1. Name of first Defendant: N. RIAZ . The first Defendant is employed as:
   DOCTOR at CALIFORNIA STATE PRISON SACRAMENTO .
   (Position and Title) (Institution)

2. Name of second Defendant: V.M. DUC . The second Defendant is employed as:
   DOCTOR at CALIFORNIA STATE PRISON SACRAMENTO .
   (Position and Title) (Institution)

3. Name of third Defendant: NGUYEN . The third Defendant is employed as:
   PSYCHIATRIS at CALIFORNIA STATE PRISON SACRAMENTO .
   (Position and Title) (Institution)

4. Name of fourth Defendant: JEFF MA COMBER . The fourth Defendant is employed as:
   WARDEN at CALIFORNIA STATE PRISON SACRAMENTO .
   (Position and Title) (Institution)

5. NAME OF FIFTH DEFENDANT: DR. NGUYEN . AT CALIFORNIA STATE PRISON SACRAMENTO
   ( POSITION TITLE ) ( INSTITUTION )

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? 3 . Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: LAFONZO R. TURNER v. A. WOODS
      2. Court and case number: CV 12-5962 MMM (AGR)
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) SETTLEMENT

   b. Second prior lawsuit:
      1. Parties: LAFONZO R. TURNER v. B.M. CASH ET.AL. /
      2. Court and case number: CV-04758-JVS-(AGR)
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) PENDING OPP-
      OSITION TO DEFENDANTS MOTION TO DISMISS, W/ ARGUABLE 8TH AMENDVIO

   c. Third prior lawsuit:
      1. Parties: LAFONZO R. TURNER v. MATTHEW CATE ET.AL. /
      2. Court and case number: CV 15-109-MMM (AGR)
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) PENDING OPP-
      OSITION TO DEFENDANTS MOTION TO DISMISS.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

COUNT **O**

1. State the constitutional or other federal civil right that was violated: _____
_____

2. Count    Identify the issue involved. Check only one. State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Count    Describe exactly what each
Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal
authority or arguments.      INTRODUCTION

1. THIS ACTION PLACES BEFORE THE COURT A LAWSUIT INVOLVING THE ADMINISTRAT-
ION OF THE CALIFORNIA STATE PRISON SACRAMENTO DEPARTMENT OF CORRECTION,
CHARGED WITH THE CUSTODY AND CONTROL OF PLAINTIFF, AND THE PRIVATE PRACTITIONERS
CONTRACTED WITH THE STATE OF CALIFORNIA, (CSP-SAC) TO PROVIDE MEDICAL CARE.
2. THE COMPLAINT ALLEGES THAT ADEQUATE MEDICAL CARE HAS BEEN AND IS BEING
REFUSED TO PLAINTIFF BY THE CSP-SACRAMENTO IN CONCERT WITH IT'S CONTRACTED
RESIDENT PHYSICIAN AND HEALTH CARE SERVICES.

— CAUSE OF ACTION —

3. DEFENDANTS DR. N. RIAZ, DR. V.M. DUC, WARDEN JEFF, MACOMBER AND
DR. NGUYEN ACTED OR FAILED TO ACT WITH DELIBERATE INDIFFERANCE TO
PLAINTIFF'S SERIOUS MEDICAL NEEDS, VIOLATING PLAINTIFF RIGHTS, CONSTITUTING
CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT OF THE
UNITED STATE CONSTITUTION.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
_____
_____

5. Administrative Remedies.
a.  Are there any administrative remedies, grievance procedures or administrative appeals available at your
    institution?                                                         ☐ Yes   ☐ No
b.  Did you submit a request for administrative relief on Count   ?       ☐ Yes   ☐ No
c.  Did you appeal your request for relief on Count   to the highest level?  ☐ Yes   ☐ No
d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
    did not. _____
    _____

### D. CAUSE OF ACTION

#### COUNT I

1. State the constitutional or other federal civil right that was violated: EIGHTH AMENDMENT DENIAL VIOLATION OF SERIOUS MEDICAL NEED, WITH DELIBERATE INDIFFERANCE.

2. Count I. Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☒ Medical care
   - ☐ Retaliation

3. Supporting Facts. State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

1. DEFENDANT DR. N. RIAZ, AT ALL TIMES RELEVANT TO THIS ACTION WAS/IS A PARTNER OF CALIFORNIA CORRECTIONAL HEALTH CARE SYSTEM, CONTRACTED TO PROVIDE MEDICAL CARE TO CDCR INMATES AT CSP-SAC, ACTING UNDER THE COLOR OF STATE LAW. 2. ON APRIL 24, 2009 PLAINTIFF WAS DIAGNOSED WITH LEFT LOWER EXTREMITY DROP FOOT WITH NEUROPATHY IN PHANANGES, BY CDCR AND HAD ALREADY HAD A GROUND FLOOR CELL SINCE 2008. 3. WHERIN ON 10·15·2014 DEFENDANT DR. N. RIAZ RESCINDED PLAINTIFFS GROUND FLOOR CELL CHRONO (EXHIBIT A) AND ON 5/5/15 AND 6/11/15 PLAINTIFF WAS CELL ON THE UPPER TIER. 4. ON 5/5/15 BECAUSE OF SAID HOUSING PLAINTIFF INITIATED A CDCR HEALTH CARE APPEAL FOR FEAR OF LIFE AND SAFTY, DURING SAID TIME PLAINTIFF WAS REHOUSED YET AGAIN IN A2-208, ON 6/11/15, AND ON 6/26/2015 DEFENDANT DR. V.M. DUC REVIEWED SAID APPEAL AND DENIED GROUND CELL HOUSING BASED ON DEFENDANTS N. RIAZ. (EXHIBIT B1-b) 5. ON 6/29/15 PLAINTIFF WHILE HANDCUFFED BEHIND THE BACK, FELL DOWN THE STAIRS APROX 14 STEEL STAIRS, INJURING HIS BACK, SHOULDER'S, NECK AND LEGS WERE CUTS, BRUSES AND PLAINTIFFS NECK AND SHOULDER'S ARE STILL MASSED-UP. 6. PLAINTIFF ONLY RECIEVED MOTRAN AND AN X-RAY BECAUSE BY CDCR'S POLICE IF IT AINT BROKEN OR BLEEDING IT DONT NEED TREATMENT 3350 REG. SEE (EXHIBITS A, B, AND C,D)

4. Injury. State how you were injured by the actions or inactions of the Defendant(s). MESS UP- BACK & SHOULDER I CANNOT DO ANY PUSH-UP, PULL-UP, CUT & BRUSES TO MY BACK & LEGS, SERIOUS PAIN IN SHOULDER'S THAT WAS NEVER THERE PRIOR, LOSS OF LIFES AMENITIES, SEVERE AND PROLONG DEPRESSION & DEEP-SEATED ANXIETY OF STAIRS IN FUTURE.

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count I?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____ N/A _____

4

COUNT II

1. State the constitutional or other federal civil right that was violated: EIGHTH AMENDMENT DENIAL VIOLATION OF SERIOUS MEDICAL NEED, WITH DELIBERATE INDIFFERANCE . .

2. Count II. Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

1. DEFENDANT DR. N.M. DUC, AT ALL TIMES RELEVANT TO THIS ACTION WAS/IS A PARTNER OF CALIFORNIA CORRECTIONAL HEALTH CARE SYSTEM, CONTRACTED TO PROVIDE MEDICAL CARE TO CDCR INMATE AT CSP-SAC, ACTING UNDER THE COLOR OF STATE LAW.
2. ON 6·26·15 DR. V.M. DUC REVIEWED PLAINTIFF HEALTH CARE APPEAL, WHEREIN PLAINTIFF FULLY EXPLAIN HIS ISSUE(S) AS SET FORTH: NEED RENEWED GROUND FLOOR CELL, BEING IN ADMINISTRATIVE SEGREGATION REQUIRE PLAINTIFF TO BE HANDCUFFED BEHIND HIS BACK, HAVING BEEN DIAGNOSED BY CDCR WITH LEFT LOWER EXTREMITIES DROP FOOT WITH NUROPATHY IN PHANANGES (EXHIBIT B AND A) GROUND FLOOR SINCE, 08
3. AGAIN ON 6·26·15 DEFENDANT DR. V.M. DUC DENIED APPEAL FOR PLAINTIFFS GROUND FLOOR CELL ON FIRST LEVEL REVIEW BASED ON DEFENDANTS DR. N. RIAZ'S 10·15·14 RESCINDING. PLAINTIFF GROUND FLOOR CELL WITH DELIBERATE INDIFFERANCE.
4. ON 6·29·15 PLAINTIFF FELL DOWN THE STAIRS APPROX 14 STEEL STAIRS AND WAS INJURED PLAINTIFF IS STILL SUFFERING SHOULDER PAIN, ONLY AN X-RAY AND MOLTRAN GIVEN.
5. ON 6·29·15 WHILE PLAINTIFF WAS AT THE TTA BEING SEEN FOR FALLING DOWN THE STAIRS DEFENDANT DR. V.M. DUC CAME IN AND TOLD PLAINTIFF (HE) WOULD BE RECIEVING A GROUND FLOOR CELL CHRONO. NEVERTHELESS FOR DR. V.M. DUC ACTIONS WHERE DELIBERATE INDIFFERANT AND CAUSED UNNECESSARY WANTON PAIN AND SUFFERING WITH SADISTIC AND MALICIOUS INTENT . . SEE (EXHIBIT A, B, AND C)

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   — SAME AS ABOVE —
   _____
   _____
   _____

5. Administrative Remedies
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____ N/A _____

5

COUNT **IV**

1.   State the constitutional or other federal civil right that was violated: EIGHT AMENDMENT DENIAL VIOLATION OF SERIOUS MEDICAL NEEDS, WITH DELIBERATE INDIFFERANCE.

2.   Count III.  Identify the issue involved.  Check only one.  State additional issues in separate counts.

☐ Basic necessities        ☐ Mail              ☐ Access to the court      ☒ Medical care
☐ Disciplinary proceedings ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☒ Other: FAILURE TO ACT

3.   Supporting Facts.  State as briefly as possible the FACTS supporting Count III.  Describe exactly what each Defendant did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

1. DEFENDANT J. MACOMBER (WARDEN) AT ALL TIME RELEVANT TO THIS ACTION WAS/IS A PARTNER OF CALIFORNIA CORRECTIONAL HEALTH CARE SYSTEM, AND WARDEN AT (CSP-SAC) ACTING UNDER COLOR OF LAW. CHARGED WITH THE CUSTODY AND CARE.
2. ON/OR ABOUT SEPTEMBER, 2014 AT PLAINTIFF ICC HEARING PLAINTIFF INFORMED WARDEN J. MACOMBER OF THE NATURE (HIS) BACK AND LEG INJURY PRE-ARREST DIAG- NOSIS AND RECOMMENDED TREATMENT, CURRENT INSUFFICIENT TREATMENT AND THE EXTENT AND NATURE OF PLAINTIFF'S SUFFERING, REPETITIVELY HOUSED ON UPPER TIER, NO CAINE, NEED FOR PAIN MEDS, LEG RESTRAINT CAUSING INJURY ETC. MACOBER SAID I'll LOOK INTO IT.
3. ADDITIONALLY ON THAT DAY PLAINTIFF SUBMITTED AN INMATE REQUEST **FORM 22** TO CONFIRM THE SUBSTACE OF THIS CONVERSATION, PLAINTIFF NEVER RECEIVED A RESPONCE.
4. DEFENDANT MACOMBER IN HIS OFFICIAL CAPACITY IS MAINTAING POLICIES THAT INTERFERE WITH ADEQUATE MEDICAL CARE UNDER 3350 CA.CODE.REGULATION INTER QUAL CRITERIA. ASWELL AS THE (CAC) COMPREHENSIVE ACCOMEDATION CHRRONO DID/ARE STILL INTERFERING WITH PLAINTIFF'S SERIOUS MEDICAL NEEDS, AND CAUS- ING UNNECESSARY WANTON PAIN AND SUFFERING AS DEFENDANT MACOMBER FAILED TO ACT TO PROVIDE ADEQUATE MEDICAL CARE FOR THE PLAINTIFF IN HIS CUSTODY/CARE. SEE (EXHIBIT A AND B4, D) AND (EXHIBIT E)

4.   Injury.  State how you were injured by the actions or inactions of the Defendant(s).
— SAME AS ABOVE —

5.   Administrative Remedies.
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                        ☒ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?                  ☒ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?         ☒ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____ N/A _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

6

COUNT

1. State the constitutional or other federal civil right that was violated: EIGHTH AMENDMENT DENIAL OF SERIOUS MEDICAL NEEDS, WITH DELIBERATE INDIFFERANCE.

2. Count    Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☐ Basic necessities      ☐ Mail              ☐ Access to the court      ☒ Medical care
   - ☐ Disciplinary proceedings ☐ Property          ☐ Exercise of religion     ☐ Retaliation
   - ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____  _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Count    Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

1. DEFENDANT, DR NGUYEN AT ALL TIMES RELEVANT TO THIS ACTION WAS/IS A PARTNER OF CALIFORNIA CORRECTIONAL HEALTH CARE SYSTEM, CONTRACTED TO PROVIDE MEDICAL MENTAL HEALTH CARE TO CDCR INMATE AT CSP-SAC, ACTING UNDER THE COLOR OF STATE LAW.

2. ON/OR ABOUT 5/8/15 DR. NGUYEN WAS TOLD BY PLAINTIFF OF (HIS) MEDICAL CONDITION NOT ABLE TO GO UP AND DOWN STAIRS SAFELY FOR FACILITY PROGRAMING, DEFENDANT DR. NGUYEN STATED THAT WAS A CUSTODY ISSUE AND SHE REFUSES TO INTERVINE, DR. NGUYEN FAILURE TO ACT RESULTED IN PLAINTIFF FALLING DOWN THE STAIRS ON 6.29.15. AS A DIRECT RESULT OF DR NGUYEN PRESSURING PLAINTIFF TO PROGRAM.

3. DEFENDANT, DR. NGUYEN CONTINUOSLY DEPRIVING PLAINTIFF HIS T.V. IF (HE) DIDNT PROGRAM BY MAINTAINING THE POLICY (B.I.P.) BEHAVIORAL INCENTIVE PROGRAM WHICH CONSIST OF PLAINTIFF GO UP AND DOWN THE STAIRS 2 TO 3 TIME DAILY OR BE DEPRIVED A T.V. FOOD PACKAGES AND PERSONAL PROPERTY.

4. THESE POLICIES, AND DEFENDANTS FAILURE TO ACT PLACED PLAINTIFFS LIFE AND SAFETY AT RISK WITH RECKLESS DISREGARD FOR PLAINTIFFS MENTAL STABILITY AND PHYSICAL HEALTH AS THE TWO ARE SYNONIOUS AND DID CAUSE UNNECESSARY WANTON PAIN AND SUFFERING, MENTAL DISTRESS AND ANGUISH, AND ONGOING ANXIETY.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).
   — SAME AS ABOVE —

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                          ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count  ?                ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count    to the highest level?        ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____ N/A _____

## E. REQUEST FOR RELIEF

State the relief you are seeking:

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT FIND THIS SUIT COLORABLE AND GRANT THE DEMAND FOR TRIAL. ASWELL ISSUING DECLARATORY RELIEF, DECLARING THAT THE ACTS AND OMMISSION OF THE DEFENDANTS HAVE VIOLATED PLAINTIFFS RIGHTS, AND STATING DUTIES WITH RESPECT TO THOSE RIGHTS'; ISSUING INJUNCTIVE RELIEF, COMMANDING DEFEND-ANTS TO (1) PROVIDE EFFECTIVE NONE EXPIRING CHRONO'S (2) PROVIDE ADEQUATE NERVE AND PAIN MED'S. AWARD PLAINTIFF COMPENSATORY DAMAGES AND PUNITIVE DAMAGES JOINTLY AND SEVERALLY IN AN AMOUNT YET TO BE DEDUCED, BUT IN NO EVENT LESS THAN $100,000 AND ANY OTHER RELIEF THIS COURT MAY DEEM JUST AND PROPER -

PURSUANT TO 28 U.S.C § 1746;

I declare under penalty of perjury that the foregoing is true and correct.

_Mr. Lafonzo R Turner_
SIGNATURE OF PLAINTIFF

Executed on _____
                          DATE

_Mr Lafonzo R Turner_
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_SAME AS ABOVE_
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS AND REHABILITATION
**COMPREHENSIVE ACCOMMODATION CHRONO**
CDCR 7410 (REV. 05/13)                                                                                          Page 1 of 1

> INSTRUCTIONS: A physician shall complete this form if a patient-inmate requires an accommodation due to a medical condition. Check P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, enter the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A: HOUSING

| | | | |
|---|---|---|---|
| None ☐ | | Bottom Bunk | ☒ P ☐ T |
| Barrier Free/Wheelchair Access | ☐ P ☐ T | Single Cell-see 128-C date: | ☐ P ☐ T |
| Ground Floor Cell *Rescind* | ☐ P ☐ T | Permanent ☐OHU ☐CTC | |
| Continuous Powered Generator | ☐ P ☐ T | Other | ☐ P ☐ T |

## B: MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None ☐ | | Wheelchair: (type) | ☐ P ☐ T |
| Limb Prosthesis | ☐ P ☐ T | Contact Lenses & Supplies | ☐ P ☐ T |
| Brace *AFO (Left)* | ☒ P ☐ T | Hearing Aid | ☐ P ☐ T |
| Crutches | ☐ P ☐ T | Special Garment: | |
| Cane: (type) | ☐ P ☐ T | (specify) | ☐ P ☐ T |
| Walker | ☐ P ☐ T | Rx. Glasses: | ☒ P ☐ T |
| Dressing/Catheter/Colostomy Supplies | ☐ P ☐ T | Cotton Bedding | ☐ P ☐ T |
| Shoe: (specify) *Brown Orthotic* | ☒ P ☐ T | Extra Mattress | ☐ P ☐ T |
| Dialysis Peritoneal | ☐ P ☐ T | Other  INSOLES | ☒ P ☐ T |

## C: OTHER

| | | | |
|---|---|---|---|
| None ☒ | | Therapeutic Diet: (specify) | ☐ P ☐ T |
| Attendant to assist with meal access and other movement inside the institution | ☐ P ☐ T | Communication Assistance | ☐ P ☐ T |
| Attendant will not feed or lift the patient-inmate or perform elements of personal hygiene | | Transport Vehicle with Lift | ☐ P ☐ T |
| | | Short Beard | ☐ P ☐ T |
| Wheelchair Accessible Table | ☐ P ☐ T | Other | ☐ P ☐ T |

## D: PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments? ☒ Yes ☐ No    If yes, specify:
No Jumping / no running

Institution: CSP-SAC               Completed by: RIAZ, N               Title: MD

Signature :

Date: 10/15/14
        mm/dd/yy

CME Signature:                     Date: 10/20/14   ☒ Approved  ☐ Denied
                                            mm/dd/yy

| 1. Disability Code: | 2. Accommodation | 3. Effective Communication: | |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☒ Additional time | ☒ P/I asked questions | CDCR #:  G05794 |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☒ P/I summed information | Last Name: TURNER |
| ☐ DPS ☐ DNH | ☐ Louder ☒ Slower | Please check one: | First Name: LAFONZO |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☒ Reached | MI: |
| ☒ Not Applicable | ☐ Other* | *See chrono/notes | DOB:   9/16/1972 |

4. Comments: TABE NOT REPORTED

Distribution: Original - eUHR; Copy to Central File, Correctional Counselor, and Inmate

STATE OF CALIFORNIA
**PATIENT-INMATE HEALTH CARE APPEAL**
CDCR 602 HC (REV. 6/13)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | | | Institution: | Log #: | Category: |
|---|---|---|---|---|---|
| Emergency Appeal | ☐ Yes | ☐ No | SAC HC | 15 30 802 | 8 |
| Signature: | | Date: | | *FOR STAFF USE ONLY* | |

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.   **WRITE, PRINT, or TYPE CLEARLY.**

| Name (Last, First): | CDCR Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TURNER LAFONZO | G05794 | A1-231 | PSU |

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):
Being Housed on upper TIER IS A MY LIFE & SAFETY ⟨1st & 2nd Tier⟩

SECTION A: Explain your issue (If you need more space, use Section A of the CDCR 602-A): I Have A WALKING IMPEDIMENT That effects my BALANCE Because my LEFT LEG DRAGS. I'm IN FEAR FOR MY LIFE & SAFETY AS MY LOWWER TIER CHRONO HAS Been illegally TAKEN AS MY CHRONO WAS GIVEN By A DR. & WON ON 602 ALREADY

SECTION B: Action requested (If you need more space, use Section B of the CDCR 602-A): TO IMMEDIATELY Be Housed ON A Lower TEIR WITH CHRONO REINSTATED!

☑ Supporting Documents: Refer to CCR 3084.3.
List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):
(CAC) AND 3rd level Appeal

☐ No, I have not attached any supporting documents.  Reason: _____

| Patient-Inmate Signature: _____ | Date Submitted: 5-5-15 |
|---|---|

☐ By placing my initials in this box, I waive my right to receive an interview.

SECTION C: FIRST LEVEL - (to be completed by staff)   Check One: Is CDCR 602-A attached? ☐ Yes ☑ No
☐ This appeal has been:   Check One: Is this a recategorized/converted 1824? ☐ Yes ☑ No
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction):  Date: ____  Date: ____  Date: ____  Date: ____
☐ Cancelled (See attached letter):  Date: ____
☐ Accepted  Assigned to: V DUC, MD   Title: P&S   Date Assigned: 5/5/15  Date Due: 7/1/15
First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: 6/26/15   Interview Location: A-Clinic
Your appeal issue is: ☐ Granted ☑ Granted in part ☐ Denied ☐ Other: ____
See attached letter. If dissatisfied with First Level response, complete Section D.

| 1. Disability Code: | 2. Accommodation | 3. Effective Communication | Interview conducted? ☑ Yes ☐ No | |
|---|---|---|---|---|
| ☑ TABE score ≤ 4.0 | ☐ Additional time | ☐ P-I asked questions | Interviewer: V. DUC, MD | Title: P&S |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P-I summed information | | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | Signature: _____ | Date completed: 6/29/15 |
| ☐ DNS ☐ DDP | ☑ Basic ☐ Transcribe | ☐ Not reached? ☑ Reached | Reviewer: C Reoues | Title: CSE |
| ☐ Not Applicable | ☐ Other: | *See chrono/notes | | (Print Name) |
| 4. Comments: TABE = 0.0 NCF | | | Signature: _____ | |

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date received by HCAC: 5/6/15 | Date closed and mailed/delivered to appellant: ____ |

COMPLETED
ICAB
DEC 22 2015
HC APPEALS

ICAB
OCT 05 2015

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region | Log #: | Category: |
|---|---|---|---|

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First) | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TURNER, LAFONZO | G05794 | A2-208 | P.S.U. |

A. Continuation of CDCR 602, Section A only (Explain your issue): AND THIS PARTIALLY
GRANTED APPEAL IS DELIBIRITY INDIFFERANT TO MY SER-
IOUS MEDICAL NEEDS AS IT STATES DR. RIAZ INTERVEIED
AND EVALUATED ME NOT EXAMINED ALTHOUGH DR. RIAZ DID
NONE OF THE ABOVE, HE SIMPLY TOOK MY CHRONO WITH RECK-
LESS DISREGARD, ASWELL AND FURTHER DR. V.M. DUC
DENIED TO REISSUE MY CHRONO BOTH DR'S WHERE AWARE
A./ HAD BACK PROBLEMS AND A LEFT FOOT DROP THAT
REQUIRED A.J TO WEAR A (A.F.O.) BRACE &
THAT FOOTDROP CAUSE UNBLANCE IN MY WALK
DCYM, DUC SAW ME ON 6.26.15 AFTER MY APPEAL WAS DUE
AND HE REFUSED TO REISSUE MY CHRONO EVEN AFTER ME EX-
PLAINED IT WAS IN AD-SEG & BEING CUFFED BEHIND MY
BACK, ASWELL MENTAL HEALTH CLINIAN NUYGEN WAS
TOLD OF MY BRACE TO HAVE TO GO UP & DOWN THE STAIRS
TO PROGRAM & SHE STATED IT WAS A CUSTODY ISSUEE
AND REFUSED TO INTERVEIN, BUT CONTINUOUSLY
CALL ME DOWN THE STAIRS B/F ION'S THREATENING ME
TO BE A DISIPLINARY IF I WASN'T PROGRAMING UNTIL I FELL ON 6.29.15

Inmate/Parolee Signature: _Mr. Lafonzo R. Turner_   Date Submitted: 7-2-15
Submitted 4 S.L.R. Mr.

B. Continuation of CDCR 602, Section B only (Action requested): TO NOT HAVE MY CHRONO EVER
TAKEN AGAIN AS MY CONDITION WILL NEVER CHANGE
ASWELL TO NOT BE PUNISHED FOR MY DISABILITY & FEARS
OF NOT WANTING TO GO UP & DOWN THE STAIRS AS MS.
NUYGEN IS DOING BECAUSE OF PARTICIPATION RATE'S
I NOT BEEN ABLE TO PARTICIPATE IN THE PROGRAM &
SERVICES & HAVE NOT BEEN GIVE MY STEP INCRESS TO STEP
4 WHEN THERE IS NO OTHER REASON AT THIS POINT &
TIME I SHOULD NOT BE STEP 1. I WOULD LIKE MY
STEP INCRESS'D TO 4 AS I HAVE NO 115 & HAVE BEEN PRO-
GRAMING, I CANNOT MAKE CUSTODY TAKE ME BUT WHEN THEY'VE ASKED
I'VE PARTICIPATED TO THE DEGREE OF DETRIMENT OF MY LIFE & SAFETY.

Inmate/Parolee Signature: _Mr. Lafonzo R. Turner_   Date Submitted: 7-8-2015
Submitted 4 S.L.R. Turner

B-2

 **HEALTH CARE SERVICES** 

### Institution Response for First Level HC Appeal

**Date:**   6/26/2015

**To:**   TURNER, LAFONZO (G05794)
S CTC 1005001L
California State Prison – Sacramento
P.O. Box 29
Represa, CA 95671-0002

**Tracking/Log #:**   SAC HC 15030862

**Appeal Issues:**
In your CDCR-602HC Inmate/Parolee Health Care Appeal Form received on 5/5/2015, you indicated:

|  | **Issue Type** | **Action Requested** |
|---|---|---|
| **Issue 1:** | Chrono Issues (Lower Bunk / Lower Tier) | You would like a lower bunk and lower tier chrono. |

**Interview:**
You were interviewed by V. M. DUC, MD on 06/26/2015 at A-Facility Clinic.regarding this appeal. During the interview, you were allowed the opportunity to fully explain your appeal issue(s).

**Response:**

Your appeal with attachment(s), Unit Health Record (UHR), and all pertinent departmental policies and procedures were reviewed.

You were seen and interviewed today. According to the evaluation of today and after reviewing the eUHR, particularly the chart notes of Dr Riaz of October 15, 2015, there is no indication for a lower tier. You already have a chrono for lower bunk which is valid until October 2015.

**Appeal Decision:**
Based upon the aforementioned information, your appeal is PARTIALLY GRANTED.

|  | **Issue Type** | **Action Requested** | **Resolution** |
|---|---|---|---|
| **Issue 1:** | Chrono Issues (Lower Bunk / Lower Tier) | You would like a lower bunk and lower tier chrono. | PARTIALLY GRANTED |

V. M. DUC, MD
California State Prison – Sacramento

RETURN BY NWTGEN 7.2.15

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☒ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions |
| ☐ DPH   DPV   LD | ☐ Equipment   SLI | ☒ P/I summed information |
| ☐ DPS   DNH | ☐ Louder ☒ Slower | **Please check one:** |
| ☐ DNS   DDP | ☒ Basic ☐ Transcribe | ☐ Not reached* ☒ Reached |
| ☐ Not Applicable | ☐ Other* | |

Comments: NCF, TABE 0.0

RECEIVED
1 CAR
OCT _ 5 2015
HC APPEALS



# HEALTH CARE SERVICES



### Institution Response for Second Level HC Appeal

**Date:**   9/17/2015

**To:**   TURNER, LAFONZO (G05794)
A  002 1014001LP
California State Prison – Sacramento
P.O. Box 29
Represa, CA 95671-0002

**Tracking/Log #:**    SAC HC 15030862

**Appeal Issues:**
In your CDCR-602HC Inmate/Parolee Health Care Appeal Form received on 7/14/2015, you indicated:

|  | Issue Type | Action Requested |
|---|---|---|
| **Issue 1:** | Chrono Issues (Lower Bunk/ Lower Tier) | You would like a lower bunk and lower tier chrono. |

**Interview:**
You were interviewed by V. M. Duc, M.D., on 6/26/2015 at A Facility Clinic regarding this appeal. During the interview, you were allowed the opportunity to fully explain your appeal issue(s).

**Response:**

The First Level Appeal was received on 5/5/2015. The response is as follows:
*Your appeal with attachment(s), Unit Health Record (UHR), and all pertinent departmental policies and procedures were reviewed.*

*You were seen and interviewed today. According to the evaluation of today and after reviewing the UHR, particularly the chart notes of Dr. Riaz of October 15, 2015, there is no indication for a lower tier. You already have a chrono for lower bunk which is valid until October 2015.*

At the First Level of Review this appeal was Partially Granted.

The Second Level Appeal, received on 7/14/2015 indicated that you are dissatisfied with the First Level Response as partially granted because you have had a chronic back and left foot drop disability since 1998 in CDCR and have had a lower bunk lower tier chrono. You stated that your condition has not improved and on 6/29/2015, you fell down the stairs and you were injured. You stated that this partially granted first level response is deliberately indifferent to your serious medical needs as it stated that Dr. Riaz interviewed you and evaluated you but did not examine you though you allege that none of this occurred. You stated that Dr. Riaz simply took your chrono with reckless disregard. You stated that Dr. Duc did the same by denying to re-issue your chrono. You stated that both doctors were aware of your disability because you have had back problems and a left foot drop that required you to wear an AFO brace and the foot drop causes an unbalance in your walk. You stated that Dr. Duc saw you on 6/26/2015 after your appeal was due and he refused to reissue your chrono even after you explained that you were in ad seg and you were being cuffed behind your back. You stated that your mental health clinician, Dr. Nguyen, was told of your fears of going up and down stairs to and from program and, she stated that it was a custody issue and refused to intervene. You stated that Dr. Nguyen continuously calls you down for one to ones and threatened you for not programming until you fell on 6/29/2015. You stated that you would like your chrono to be made permanent as your condition has never changed. You stated that you would like to be able to program and you have not been able to get to Step 4 when the reason is medical. You would like your step increased to step 4 as you have no 115's and have been

B-4

programming. You stated that when custody escorts you, you program which has resulted in detriment to your life and safety.

**The response is as follows:**
Your appeal with attachment(s), Unit Health Record (UHR), and all pertinent departmental policies and procedures were reviewed.

You were seen by V. M. DUC, MD on June 26, 2015 at the FLR. Dr Duc addressed the issues you raised in your appeal.

After the FLR you were seen again by Dr Duc on June 29, 2015 at the A-TTA. Thereafter Dr Duc amended your 7410 chrono mentioning lower bunk and ground floor with limited stairs. The chrono was issued on July 2, 2015 in order to help you with adequate ambulation.

Please note, you have a right to request treatment. However, your request for specific medications, treatments, and interpretation of diagnostic tests and their impact to your overall health care management is a medical determination. As such, your medical treatment is determined by a physician based on the physician's evaluation, diagnosis, and departmental policy. Your medical physician has evaluated you and determined your request is not medically necessary. This decision is based on the criteria set forth in the California Code of Regulations, Title 15, Title 15, Section 3354(a), and Section 3350(a)(b)(1)(4)(5), which states that the medical department shall provide medical services for inmates based on medical necessity and supported by outcome data as effective medical care.

**Appeal Decision:**
Based upon the aforementioned information, your appeal is PARTIALLY GRANTED.

C. REGULES
Chief Support Executive
California State Prison, Sacramento

 

# HEALTH CARE SERVICES

**Date:** DEC 2 2 2015

**To:**   TURNER, LAFONZO (G05794)
California State Prison -- Sacramento
P.O. Box 29
Represa, CA 95671-0002

**From:**   California Correctional Health Care Services
Inmate Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking/Log # :**   SAC HC 15030862

This appeal was reviewed by Inmate Correspondence and Appeals Branch staff on behalf of the Deputy Director, Policy and Risk Management Services. All submitted information has been considered.

## DIRECTOR'S LEVEL DECISION:

Appeal is denied. This decision exhausts your administrative remedies.

## APPEAL REQUESTS:

You are requesting to be immediately housed on a lower tier and the chrono reinstated.

## BASIS FOR DIRECTOR'S LEVEL DECISION:

Your appeal file and documents obtained from your Unit Health Record were reviewed by staff.  These records indicate:

- On June 26, 2015, you were seen and evaluated by your Primary Care Provider (PCP) for this health care appeal.  Progress notes indicate there was no medical indication for a lower tier.  The PCP informed you if you were to develop difficulty with walking up the stairs or if you experienced falls walking up or down the stairs, then a chrono for a lower tier may be considered.
- As stated in the Second Level Response dated September 17, 2015, you were seen again by your PCP on June 29, 2015 in the Triage and Treatment Area.  Thereafter, the PCP amended your CDCR 7410 mentioning lower bunk and ground floor with limited stairs.
- On July 2, 2015, your PCP issued the CDCR 7410 to reflect a lower bunk and ground floor -- limited stairs in order to help you with adequate ambulation.
- It is noted you are currently housed on a lower tier.
- You continue to be enrolled in the Chronic Care Program where your medical conditions and medication needs are closely monitored with care provided as determined medically indicated by the PCP, in accordance with appropriate policies and procedures.

It is noted you have added new issues and/or requests to your appeal at the Second Level of Review; specifically, *to not have your chrono ever taken again, to not be punished for your disability and fears of not wanting to go up and down the stairs and I would like my step increased to 4.*  It is not appropriate to expand the appeal beyond the initial problem and or requests.  These issues will not be addressed, as you have not provided evidence that you attempted to address them at the lower level, per the California Code of Regulations (CCR), Title 15, Section 3084.1(b).

B-6

L.TURNER, G05794
SAC HC 15030862
Page 2 of 2

Inmates may not demand particular medication, diagnostic evaluation, course of treatment, or accommodation chronos. The California Code of Regulations (CCR), Title 15, Section 3354, Health Care Responsibilities and limitations, (a) Authorized Staff, states, "Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates. No other personnel or inmate may do so."

After review, no intervention at the Director's Level of Review is necessary as your medical condition has been evaluated and you are receiving treatment deemed medically necessary.

## RULES AND REGULATIONS:

The rules governing these issues are: California Code of Regulations, Title 15; Inmate Medical Services Policies and Procedures; and the Department Operations Manual.

## ORDER:

No changes or modifications are required by the institution.

*J. Lewis*

J. Lewis, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

TREATAS CREDITA

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Date:**   7/21/2015                                                            **REJECTION NOTICE**

**To:**     TURNER, LAFONZO (G05794)
           A 002 1014001LP
           California State Prison – Sacramento
           P.O. Box 29
           Represa, CA 95671-0002

**Tracking/Log #:**          SAC HC 15031162

It has been determined your appeal submitted does not comply with appeal procedures established in the California Code of Regulations (CCR) Title 15, Article 8, and is being rejected and returned to you for the following reason(s):

**Excessive Filings:** CCR, Title 15, Section 3084.6(b)(3) states, "The inmate or parolee has exceeded the allowable number of appeals filed in a 14 calendar day period pursuant to the provisions of subsection 3084.1(f)."

Appeal SAC HC 15031161 was received by the Health Care Appeals Office on 6/30/2015 and this appeal was received on 6/30/2015. Please wait 14 days before submitting a new 602-HC once a 602-HC has been filed with the Health Care Appeals Office to avoid a delay in processing.

For your appeal to qualify for processing, you are advised to take the necessary corrective action provided in this notice and resubmit the appeal within 30 calendar days.

K. King

Klingenberg, K.
Health Care Appeals Office
California State Prison – Sacramento

Please note that the 1824 included in this appeal packet, dated 5/11/2015, was never received or processed by the Inmate Appeals Office in the Reasonable Accommodation Panel. This should be submitted to the Inmate Appeals Office for further processing.

Rejection Note: Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes, 30 calendar days, as specified in CCR 3084.6(a) and CCR 3084.8(b).

***PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE***

17



# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Date:** 9/14/2015

<b>REJECTION NOTICE</b>

**To:**   TURNER, LAFONZO (G05794)
A  002 1025001LP
California State Prison – Sacramento
P.O. Box 29
Represa, CA 95671-0002

**Tracking/Log #:**      SAC HC 15031162

It has been determined your appeal submitted does not comply with appeal procedures established in the California Code of Regulations (CCR) Title 15, Article 8, and is being rejected and returned to you for the following reason(s):

**Appeal Status at Lower Level**: At the First Level of Review, your appeal was rejected due to excessive filings and you were instructed to resubmit the appeal 14 days after you had submitted another appeal.

**Bypass Violation**: CCR, Title 15, Section 3084.6(b)(15) states, "The inmate or parolee has submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review."

Due to the First Level appeal rejection, we are not able to process this appeal at the Second Level of Review. Please resubmit your appeal for review at the First Level.

For your appeal to qualify for processing, you are advised to take the necessary corrective action provided in this notice and resubmit the appeal within 30 calendar days.

Klingenberg, K.
Health Care Appeals Office
California State Prison – Sacramento

Rejection Note: Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes, 30 calendar days, as specified in CCR 3084.6(a) and CCR 3084.8(b).

***PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE***

18

 

# HEALTH CARE SERVICES



Date: OCT 1 6 2015

REJECTION NOTICE

To:     TURNER, LAFONZO (G05794)
        California State Prison – Sacramento
        P.O. Box 29
        Represa, CA 95671-0002

From:   California Correctional Health Care Services
        Inmate Correspondence and Appeals Branch
        P.O. Box 588500
        Elk Grove, CA 95758

Tracking/Log #:        SAC HC 15031162

It has been determined your appeal submitted for Director's Level Review does not comply with appeal procedures established in the California Code of Regulations (CCR) Title 15, Article 8, and is being rejected and returned to you for the following reason(s):

**Rejection at Lower Level**: Your appeal was rejected by the institution at the lower level for the reasons listed below. Comply with the instructions provided in the rejection notice and submit your appeal to the Health Care Appeals Coordinator at your institution for continued processing.

**You must submit your health care appeal to the Health Care Appeals Office at your institution for processing at the First Level of Review, followed by a Second Level of Review before submitting it for a Director's Level Review.**

Bypass Violation: CCR, Title 15, Section 3084.6(b)(15) states, "The inmate or parolee has submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review."

**You must first submit your health care appeal for a First and Second Level of review at your institution before submitting it for a Director's Level Review.**

J. Lewis, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

Rejection Note: Please make the changes or corrections requested and resubmit the original appeal within thirty calendar days.

***PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE***

C 3

STATE OF CALIFORNIA
**PATIENT-INMATE HEALTH CARE APPEAL**
CDCR 602 HC (REV. 6/13)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

✗ EMERGENCY APPEAL ✗

Page 1 of 2

| STAFF USE ONLY | | | Institution: | Log #: | Category: |
|---|---|---|---|---|---|
| Emergency Appeal | ☐ Yes | ☐ No | SAC HC | 1503 1162 | 8 |
| Signature: | | Date: | | FOR STAFF USE ONLY | |

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          WRITE, PRINT, or TYPE CLEARLY.

| Name (Last, First): | CDCR Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| TIENZO LARENZO | G05794 | A2-208 | P.S.U |

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):

LOWER TIER CHRONO

SECTION A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): MY LOWER TIER CHRONO HAS BEEN UNLAWFULLY RESINDED, AS MY DISABILITY IS PERMANENT. THERE HAS BEEN NO MEDICAL / PHYSICAL CHANGES IN MY CONDITION, OF LEFT LEG WEAKNESS FOOT DROP ETC. I'M STILL MENTALLY TO SEVERELY LIMITED, AND NOW I'M HANDCUFFED

SECTION B. Action requested (If you need more space, use Section B of the CDCR 602-A): TO BE HOUSED ON GROUND FLOOR AND CHRONO RESCINDED FOR SUCH AS THIS ISSUE WAS ADDRESS SEVERAL TIMES BEFORE CHAIRMAN DR DAY ORDERED MY LOWER TIER CHRONO & HAVE HAD THIS SINCE 2001

☑ Supporting Documents: Refer to CCR 3084.3.

List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):

1824 APPEAL DEC'S AND 7362 ETC.

☐ No, I have not attached any supporting documents. Reason: _____

| Patient/Inmate Signature: _____ | Date Submitted: 6.28.15 |
|---|---|

☐ By placing my initials in this box, I waive my right to receive an interview.

SECTION C. FIRST LEVEL - Staff Use Only

| | Check One: Is CDCR 602-A attached? | ☐ Yes | ☐ No |
|---|---|---|---|
| This appeal has been: | Check One: Is this a recategorized/converted 1824? | ☐ Yes | ☐ No |

☐ Bypassed at the First Level of Review. Go to Section E.
☑ Rejected (See attached letter for instruction): Date: 7/24/15 Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter): Date: _____
☐ Accepted  Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____          Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in part  ☐ Denied  ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted?  ☐ Yes  ☐ No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ PI asked questions | Interviewer: _____ Title: _____ |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ PI summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | Signature: _____ Date completed: _____ |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached ☐ Reached | |
| ☐ Not Applicable | ☐ Other | *See chrono/notes | Reviewer: _____ Title: _____ |
| 4. Comments: _____ | | | (Print Name) |
| | | | Signature: _____ |

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date received by HCAC: 7/20/15 | Date closed and mailed/delivered to appellant: |

OCT 0 5 2015

HEALTH CARE APPEALS

19

C 4

State of California                                                 Department of Corrections and Rehabilitation

# REASONABLE ACCOMMODATION REQUEST

CDCR 1824 (rev: ?/2014)

| INSTITUTION (staff use only): | EC? Y / N | LOG NUMBER (staff use only): |
|---|---|---|

### * * * TALK TO STAFF IF YOU HAVE AN EMERGENCY * * *

Do not use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDCR 7362 or a CDCR 602-HC.

Date Received by Staff (staff use only):

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| LAFONZO R. TURNER | G-05794 | P.S.U | A1-231 |

INSTRUCTIONS

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service, or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response. Do not use an 1824 to request a response for a group of inmates. If you have received an 1824 decision that you disagree with, submit an appeal (CDCR 602, or 602-HC if disagreeing with a medical diagnosis/treatment decision).

WHAT CAN'T YOU DO / WHAT IS THE PROBLEM: I CAN NOT GO UP & DOWN STAIRS ON A REGULAR BASIS BECAUSE OF PARLISIS IN MY LEFT LEG AND FOOT PACIFACLLY THEREIN I CAN'T PARTICIPATE FOR FEAR OF FALLING DOWN THE STAIRS. I'M BEING DENIED TO PARTICIPATE IN THE PROGRAM, SERVICE & ACTIVITIES

WHY CAN'T YOU DO IT: I'M PHYSICALLY DISABLED TO THAT EXTENT IF I GO UP & DOWN STAIRS DAILY I WILL FALL "I'M TERIFIED"

WHAT DO YOU NEED: TO HAVE MY LOWER TIER CHRONO REASTABLISH & TO BE HOUSED ON THE LOWER TIER. TO NOT HAVE MY HEALTH AND SAFETY ARBITRARILY PUT AT RISK OF HARM. FOR MY CHRONO TO STOP BEING TAKEN OR RELAPSE

_____ (use the back of this form if you need more space)

Which of the following best describes your disability that caused you to file this request:

☒ Difficulty walking or getting around    ☐ Difficulty seeing    ☐ Difficulty hearing    ☐ Difficulty talking    ☐ On kidney dialysis
☐ Difficulty using arms/hands    ☐ Difficulty learning    ☐ Difficulty thinking or understanding    ☒ Mental impairment
☐ Other Disability (briefly describe): _____

| DO YOU HAVE ANY DOCUMENTS THAT DESCRIBE YOUR DISABILITY?     Yes ☒    No ☐    Not Sure ☐ |
|---|
| (List and attach documents if available, including: 1845, 7410, 128-C): _____ |

I understand staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

_Mr. Lafonzo R.____                 5-11-15
INMATE'S SIGNATURE                          DATE SIGNED

RECEIVED ICAB OCT 09 2015 C. APPEALS

Assistance completing this form provided by: _____
                                         Last Name                    First Name               Signature

| ☐ IAP is not required as the CDCR 1824 contains no disability access or discrimination issues. | | |
|---|---|---|
| | Person making determination | Title |

20

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, _LAFONZO R. TURNER_, am over the age of eighteen (18) years,
and I (am) (am not) a party to the within cause of action.  My address is:

> _CSP. SAC_
> _P.O. BOX 290066_
> _REPRESA, CA. 95671_

On, ~~_August_~~ _August 8 Th 2016_, I served the following documents:

~~_AMENDED_~~
~~_REDERAL WORD OF POO_~~
_AMENDED COMPLAINT ø(3X)_

on the below named individual(s) by depositing true and correct copies thereof in
the United State mail in Represa, California, with postage fully prepaid thereon,
addressed as follows:

1. _ATTORNEY GENERAL_            2. _____
   _300 SOUTH SPRING STREET_
   _SUIT 1702_
   _LOS ANGELES CA_
   _90013_

I have read the above statements and declare under the penalty of perjury of
the laws of the State of California that the foregoing is true and correct.

Executed this ~~28~~ _8_ day of ~~_____ August_____, _2016_, at California State
Prison - Sacramento, Represa, California.

(Signature) _M. Lafonzo R Turner_



Mr. Alonzo R. Turner #G05794
C.S.P. SAC
P.O. Box 290066
Represa, CA. 95671

Legal Mail

RECEIVED
CSP-SAC MAILROOM
AUG 1 2 2016

AGR

To: United States District court
office of the clerk
U.S. courthouse, room J8
Los angeles, california 90012

RECEIVED
CLERK U.S. DISTRICT COURT